UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL NICKELSON,

                Plaintiff,

v.

9:15-CV-0227
(GTS/TWD)

BRIAN FISCHER, Comm'r, New York State Dep't of
Corr. and Cmty. Supervision; JOYCE CARVER, Dir. of
Classification and Movement; and LESTER WRIGHT,
Assistant Deputy Comm'r and Chief Med. Dir.,

                Defendants.
_____

APPEARANCES:

OF COUNSEL:

DARRELL NICKELSON, 14-A-1966
  Plaintiff, *Pro Se*
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

RYAN W. HICKEY, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Darrell Nickelson ("Plaintiff") against the three above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants") pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131, *et seq*. ("ADA") and 42 U.S.C. § 1983, are the following: (1) Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim

upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (2) Plaintiff's motion to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2); and (3) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion be denied and that Plaintiff's motion be granted. (Dkt. Nos. 20, 35, 42.) None of the parties have filed objections to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein; Defendants' motion is denied; and Plaintiff is granted leave to amend his Complaint in accordance with the terms of the Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 42) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 20) is **DENIED**; and it is further

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that (1) Plaintiff's motion to amend his Complaint (Dkt. No. 35) is **<u>GRANTED</u>** for the sole purpose of substituting Anthony J. Annucci, Carl J. Koenigsmann, and Theresa Knapp-David as Defendants in their official capacities, and (2) Annucci, Koenigsmann, and Knapp-David (in their official capacities) be deemed to have stepped into the shoes of Fischer, Wright, and Carver (respectively) for purposes of Defendants' motion to dismiss. The Clerk of the Court is directed to substitute the above-named parties on the docket; and it is further

**ORDERED** that Defendants file an answer to the Plaintiff's Complaint, as amended, within 14 days of the date of this Decision & Order pursuant to Fed.R.Civ.P. Rule 12(a)(4)(a), and this case is referred back to Magistrate Judge Dancks for the setting of pretrial scheduling deadlines.

Dated: March 22, 2016
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge