UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL NICKELSON,

                                      Plaintiff,

v.                                                    9:15-cv-00227
                                                    (GTS/TWD)

ANTHONY J. ANNUCI, et al.,

                                      Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

DARRELL NICKELSON,
Plaintiff, *pro se*
240 West 104th Street, #4E
New York, NY 10025

HON. ERIC T. SCHNEIDERMAN                RYAN W. HICKEY, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

**I.    INTRODUCTION**

      This matter has been referred to the undersigned for a report and recommendation by the Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). On February 27, 2015, Plaintiff Darrell Nickelson commenced this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*. (Dkt No. 1.) At that time, Plaintiff was in the custody of the New York Department of Corrections and Supervision ("DOCCS").

*Id*. at 1. Plaintiff's second amended complaint, the operative pleading, was accepted for filing on July 20, 2016. (Dkt. Nos. 62 and 63.) Only Plaintiff's ADA claims for monetary damages against Defendants in their official capacities survived the District Court's *sua sponte* review. (Dkt. No. 62 at 12.[1]) The Court provided Plaintiff with leave to file a renewed motion to amend to identify the DOCCS employees that he claimed were personally involved in the violation of his Eighth Amendment rights to adequate medical care and humane conditions of confinement. *Id*. at 12 n.8.

Plaintiff was conditionally released from DOCCS custody to parole supervision on June 27, 2016. (Dkt. No. 62 at 1-2.) Plaintiff filed a notice of change of address, advising the Court of his new address: 240 West 104th Street, #4E, New York, New York, 10025 ("240 West 104th Street, #4E"). (Dkt. No. 60.)

Defendants have now moved pursuant to Federal Rule of Civil Procedure 37(b) to dismiss the second amended complaint as a sanction for Plaintiff's failure to attend his scheduled depositions, and in the alternative, to impose monetary sanctions for Plaintiff's failure to comply with discovery. (Dkt. No. 67.) Plaintiff has opposed Defendants' motion. (Dkt. No. 69.) Also before the Court is Plaintiff's sixth motion for appointment of counsel. (Dkt. No. 68.)

For the reasons that follow, Plaintiff's motion for appointment of counsel is denied, and it is recommended that Defendants' motion for sanctions be denied without prejudice.

## II. BACKGROUND

On April 6, 2016, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 49.) In that Order, the Court granted Defendants leave to take Plaintiff's deposition:

---

[1] Page references to documents identified by docket number are to the numbers assigned by the Clerk's CM/ECF docketing system.

> Defense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id*. at 4.

On October 10, 2016, Defendants served Plaintiff with a formal notice of deposition at his address on file, 240 West 104th Street, #4E. (Dkt. No. 67-2 at ¶ 10; *see* Dkt. No. 67-4.) Plaintiff's deposition was scheduled for November 10, 2016, at 10:00 a.m., at the Office of the New York Attorney General in Albany, New York. (Dkt. No. 67-2 at ¶ 10.) The Court notes that Defendants' notice did not advise Plaintiff that failure to appear at the deposition could subject Plaintiff to sanctions or dismissal, nor did it advise Plaintiff that he could call and discuss rescheduling if the date was inconvenient. (*See* Dkt. No. 67-4.)

Plaintiff failed to appear for his scheduled deposition. (Dkt. No. 67-2 at ¶ 14.) Plaintiff did not contact defense counsel to reschedule the deposition, nor did Plaintiff ever contact defense counsel at any point after the deposition scheduled for November 10, 2016. *Id*. at ¶ 15. Defendants were charged a $75.00 fee by the court reporter for Plaintiff's failure to appear at the November 10, 2016, deposition. *Id*. at ¶ 16.

On November 14, 2016, Defendants served Plaintiff with a second notice of deposition. *Id*. at ¶ 17; *see* Dkt. No. 67-6. Defendants scheduled Plaintiff's deposition for December 13, 2016, at 10:00 a.m., at the Attorney General's office in Albany, New York. (Dkt. No. 67-2 at ¶ 17.) Again, the notice did not state that if Plaintiff failed to appear at the deposition, he could be subject to sanctions or dismissal, nor did it advise Plaintiff that he could call and discuss rescheduling if the date was inconvenient. (*See* Dkt. No. 67-6.)

Plaintiff did not appear for his second scheduled deposition, or contact defense counsel to advise that he would not attend his deposition. (Dkt. No. 67-2 at ¶ 21-22.) Defendants were charged an $81.00 fee by the court reporter for Plaintiff's failure to appear at the December 13, 2016 deposition. *Id*. at ¶ 16.

## III. DEFENDANTS' MOTION FOR SANCTIONS

Defendants move under Federal Rule of Civil Procedure 37(b) to dismiss the complaint as a sanction, or in the alternative, to impose monetary sanctions, for Plaintiff's failure to appear at his properly noticed deposition. (Dkt. No. 67.) Plaintiff opposes Defendants' motion. (Dkt. No. 69.)

In his opposition, Plaintiff states that he did not receive notice of the deposition. *Id*. at 2. Plaintiff advises that he lives in a shelter, and that the person who resides at 240 West 104th Street #4E "never gave [him] or inform[ed] [him] of any papers from the court." *Id*.[2] Plaintiff further explains that because he lives in a shelter, he has a curfew, and no money to travel to Albany. *Id*. In addition, Plaintiff takes medication for high blood pressure, bipolar disorder, and back pain. *Id*. Plaintiff is disabled and uses a cane for long-distance walking. *Id*. Plaintiff cannot travel. *Id*. *Id*. Plaintiff further explains that he has "no knowledge of the law," and that he has unsuccessfully tried to obtain counsel. *Id*. For these reasons, Plaintiff opposes Defendants' motion, and also requests counsel. *Id*.

Under Rule 37(b), if:

> a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as

---

[2] The Court notes that Plaintiff has not indicated the name of the shelter where he is currently residing, and that the return address on most recent filings reflects the address on file, 240 West 104th Street, #4E. (Dkt. Nos. 68-1 and 69-1.)

> established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A court may consider several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the duration of the period of non-compliance; (3) whether the non-compliant party had been warned of the consequences of non-compliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a *pro se* litigant "so long as a warning has been given that non-compliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (internal citations and quotation marks omitted).

5

Here, as set forth above, the April 6, 2016, Scheduling Order (Dkt. No. 49) warned Plaintiff of the potential consequences of failing to comply with discovery. (Dkt. No. 49.) However, neither notice of deposition Defendants served upon Plaintiff made any mention of potential sanctions or dismissal. (*See* Dkt. Nos. 67-4, 67-6.) In his opposition, Plaintiff argues that his failure to appear for the scheduled discovery hearings were due to factors beyond his control. (Dkt. No. 69 at 2.) Specifically, Plaintiff states that he lives in a shelter and, therefore, never received notice of the depositions. *Id.* Though Defendants sent the deposition notices to Plaintiff's address on file, Plaintiff claims that "the person who lives at 240 west 104th Street #4[E] . . . never gave me or inform[ed] me of any papers from the court." *Id.*

However, in this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address."). Therefore, Plaintiff must provide the Court with a current address where he can be reliably contacted as required by the Local Rules. Plaintiff's failure to do may be grounds for dismissal for failure to prosecute and failure to follow Court orders.

At this time, because Defendants' notice did not warn Plaintiff of the potential consequences for failing to appear at his scheduled deposition, and given that Plaintiff's failure to appear was not entirely willful, the Court finds that the first factor weighs in favor of denying dismissal.

Regarding the second factor, the duration of non-compliance also weighs against dismissal. Courts frequently dismiss complaints when the non-compliance delay totals several months or years. *See Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court

6

order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal).

Here, the Scheduling Order was issued on April 6, 2016, and Defendants moved to dismiss on January 18, 2017. (Dkt. Nos. 49 and 67.) Plaintiff's period of non-compliance was therefore a period of over nine months. Though Plaintiff's failure to appear was allegedly due to factors beyond his control, such a timespan suggests dismissal is appropriate. Therefore, the Court finds that the second factor weighs in favor of dismissal.

Regarding the third factor, as set forth above, Plaintiff was advised of his duty to appear at his deposition by the Court in its Scheduling Order. (Dkt. No. 49 at 4.) Therefore, the Court finds that this factor weighs in favor of dismissal even though Plaintiff has expressed difficulty understanding the law concerning his case, and neither notice of deposition sent by Defendants warned Plaintiff of the consequences of non-compliance. (*See* Dkt. Nos. 67-4, 67-6, and 69.)

Regarding the fourth factor, the lack of any lesser sanctions prior to this motion to dismiss weighs against dismissal. Dismissal should be granted only for those cases where plaintiffs' faults are "flagrant, intentional and willful." *Carmona v. Wright*, 233 F.R.D. 270, 275

7

(N.D.N.Y. 2006) (citing *Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997)). Absent that, courts will impose other sanctions, such as ordering non-complying parties to reimburse complying parties for expenses incurred as a result of a failure to appear at a deposition. *See, e.g., LeGrande v. Adecco*, 233 F.R.D. 253, 258 (N.D.N.Y. 2005) (finding that sanctions for the non-complying plaintiff to repay the defendant's deposition costs were more appropriate than dismissal "when there are other remedies that can be exercised"). This Court has not previously imposed lesser sanctions on Plaintiff. Therefore, this factor weighs against dismissal.

Based on the foregoing, and weighing the above factors with the special solicitude that must be granted to *pro se* litigants, this Court finds dismissal and monetary sanctions are unwarranted at this time. Therefore, it is recommended that Defendants' motion (Dkt. No. 37) be denied without prejudice. It is also recommended that Defendants make arrangements to conduct a videographic or telephonic deposition of Plaintiff upon proper notice.

If the District Court adopts this Report-Recommendation, Plaintiff is warned that failure to appear at his deposition may result in, but is not limited to, dismissal of the action and/or monetary sanctions for failure to prosecute and failure to follow court orders. The Court will reset the discovery deadline once a decision is rendered on this Report-Recommendation.

## IV. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Also before this Court is Plaintiff's renewed motion for appointment of counsel. (Dkt. No. 68.) This case is not trial ready, and in light of the Court's direction set forth in the January 26, 2016, Text Order (Dkt. No. 40), the April 1, 2016, Decision and Order (Dkt. No. 47), the April 6, 2016, Text Order (Dkt. No. 50), and the July 20, 2016, Decision and Order (Dkt. No. 62), Plaintiff has again renewed his motion prematurely. In ruling on Plaintiff's prior motions

for appointment of counsel, this Court has found as follows:

> Here, the relevant factors weigh decidedly against granting Plaintiff's motion at this time. For example, the Court finds as follows: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, plaintiff has been able to effectively litigate this action; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial, as is the case in many actions brought under 42 U.S.C. § 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel," *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.); (4) if this case survives any summary judgment motions filed by defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference; and (5) it is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

(Dkt. Nos. 47 at 3-4 (the "April 2016 Order"); Dkt. No. 62 at 11-12 (the "July 2016 Order").)

The Court has thoroughly reviewed Plaintiff's renewed motion for appointment of counsel and finds that Plaintiff has presented nothing new or different that would persuade the Court to change its prior decision denying his request for appointment of counsel. Accordingly, Plaintiff's renewed motion for appointment of counsel is denied without prejudice for the same reasons set forth in the April 2016 Order and the July 2016 Order. Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants granting the application.

**WHEREFORE**, it is hereby

**RECOMMENDED** that Defendants' Rule 37 motion (Dkt. No. 67) be denied without prejudice; and it is further

**ORDERED** that if the District Court adopts this Report-Recommendation, Defendants are directed to reschedule Plaintiff's videographic or telephonic deposition within thirty (30)

9

days of the District Court's Order; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 68) is denied without prejudice to renew as set forth above; and it further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff to his address on file.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 11, 2017
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).