UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL NICKELSON,

                Plaintiff,

v.

                                                                                    9:15-CV-0227
                                                                                     (GTS/TWD)

ANTHONY J. ANNUCCI; THERESA KNAPP-DAVID,
and CARL J. KOENIGSMANN,

                Defendants.
_____

APPEARANCES:                                                          OF COUNSEL:

DARRELL NICKELSON
  Plaintiff, *Pro Se*
240 West 104th Street, #4E
New York, New York 10025

HON. ERIC T. SCHNEIDERMAN                         RYAN W. HICKEY, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Darrell Nickelson ("Plaintiff") against the three above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion to dismiss Plaintiff's Amended Complaint (or to award Defendants monetary relief) as sanction for Plaintiff's multiple violation of a discovery order pursuant to Fed. R. Civ. P. 37 be denied without prejudice, and (2) Plaintiff's Objections to the Report-

Recommendation. (Dkt. Nos. 70, 72.)

I.      STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b),

2

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely

3

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Even when construed with the utmost of special leniency, Plaintiff's Objections to the Report-Recommendation do not challenge any specific portion of the Report-Recommendation. (*Compare* Dkt. No. 72 [Plf.'s Obj.] *with* Dkt. No. 70 [Report-Recommendation].) Rather, Plaintiff's Objections appear to attempt to reply to various of the defenses asserted in Defendants' Answer to his Second Amended Complaint. (*Compare* Dkt. No. 72 [Plf.'s Obj.] *with* Dkt. No. 65 [Defs.' Answer to Second Am. Compl.].) As a result, the Court needs to subject the Report-Recommendation to only a clear-error review. *See, supra,* Part I of this Decision and Order.

---

constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks has employed the proper standards, appears to have accurately recited the facts, and has reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 70.) To those reasons the Court would add only one point.

Plaintiff has chosen to file and pursue this action, and has a duty to provide the Court (and Defendants) with an address at which he can receive mail. N.D.N.Y. 10.1(c)(2). His assertion that he is (sometimes) unable to receive mail at 240 West 103th Street, #4E appears undermined by (1) the fact that he has listed it as his address of record in this action (and not subsequently filed a change-of-address notice), and (2) the fact that he has recently continued to list it as his return address on his correspondence with the Court. (Dkt. No. 60; Dkt. No. 68, Attach. 1; Dkt. No. 69, at 1; Dkt. No. 69, Attach. 1.) In crediting Plaintiff's assertion that he failed to receive Defendants' prior deposition notices, Magistrate Judge Dancks has extended Plaintiff the utmost of special leniency. Of course, special leniency has its limits. This case is more than two-and-a-half years old without Plaintiff's deposition having yet been taken. <u>He is directed to participate in his next noticed deposition, and respectfully advised that, should be fail to do so, his Second Amended Complaint will be dismissed</u>.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 70) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Amended Complaint (or to award Defendants monetary relief) as sanction for Plaintiff's multiple violation of a discovery order pursuant to Fed. R. Civ. P. 37 (Dkt. No. 67) is **<u>DENIED</u> without prejudice**; and it is further

**ORDERED** that defendants are directed to reschedule Plaintiff's videographic or telephonic deposition within thirty (30) days of the date of this Decision and Order.

Dated: September 28, 2017
        Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge