UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL NICKELSON,

                 Plaintiff,

v.

                                             9:15-CV-0227
                                             (GTS/TWD)

ANTHONY J. ANNUCCI, Acting DOCCS Comm'r,
in his Official Capacity; THERESA KNAPP-DAVID,
DOCCS Dir. of Inmate Movement and Placement, in
her Official Capacity; and CARL J. KOENIGSMANN,
DOCCS Chief Med. Officer, in his Official Capacity,

                 Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

DARRELL NICKELSON
  Plaintiff, *Pro Se*
240 West 104th Street, #4E
New York, New York 10025

HON. LETITIA JAMES                              RYAN W. HICKEY, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Darrell

Nickelson ("Plaintiff") against the three above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants") pursuant to Title II of

the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131, *et seq*. ("ADA") and 42

U.S.C. § 1983, are (1) Defendants' motion for summary judgment on the grounds that Plaintiff

has failed to exhaust administrative remedies, and (2) United States Magistrate Judge Thérèse

Wiley Dancks' Report-Recommendation recommending that Defendants' motion for summary judgment be granted and that this action be dismissed with prejudice due to the fact that it has become impossible for Plaintiff to now exhaust his administrative remedies. (Dkt. Nos. 82, 89.) None of the parties have filed objections to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety, Defendants' motion for summary judgment is granted, and this action is dismissed with prejudice for the reasons set forth by Magistrate Judge Dancks.

To those reasons, the Court would add only two points. First, in addition to the cases cited by Magistrate Judge Dancks in support of her conclusion that the dismissal of Plaintiff's Second Amended Complaint should be dismissed with prejudice, the Court relies on the fact that, under the circumstances, it is not possible for Plaintiff to obtain a waiver to file a late appeal to CORC. *See* 7 N.Y.C.R.R. § 701.6(g) (2007) ("An inmate may request an exception to the time limit for filing a grievance, or for filing an appeal to the superintendent or to CORC. Such a request shall be in writing and shall be submitted to the grievance clerk with the grievance or

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

appeal the inmate wishes to file. . . . The IGP supervisor may grant an exception to the time limit for filing an appeal of an IGRC or superintendent's decision based on mitigating circumstances (e.g., failure to implement action required by the IGRC or superintendent's decision within 45 days, etc.). An exception to the time limit may not be granted if the request was made more than 45 days after the date of the decision unless the late appeal asserts a failure to implement the decision.").[2]

Second, out of special solicitude to Plaintiff, he was granted a generous extension of the deadline by which to file an Objection to the Report-Recommendation (specifically, from December 10, 2018, to January 15, 2019). (Dkt. No. 89; Text Order filed Dec. 21, 2018.) Plaintiff did not meet that extended deadline. Instead, one day before the expiration of that extended deadline, he requested the appointment of counsel. (Dkt. No. 92.) Despite having been previously requested counsel six times (Dkt. Nos. 31, 38, 45, 61, 68, 85), and having been advised four times the requirements of such a request (Dkt. Nos. 34, 47, 62, 70; *cf.* Dkt. Nos. 40, 86), Plaintiff did not meet those requirements in his most-recent request. (Dkt. No. 92.) As a result, his seventh request for the appointment of counsel is denied as unsupported by a showing of cause for the reasons stated in Dkt. Nos. 34, 40, 47, 62, 70 and 86.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's seventh motion for the appointment of counsel (Dkt. No. 92) is **DENIED**; and it is further

---

[2] *See also Murray v. Goord*, 03-CV-1010, 2008 WL 2522324, at *19 (N.D.N.Y. June 20, 2008) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.) ("A prisoner has not exhausted his administrative remedies with CORC when, years after failing to file a timely appeal with CORC, the prisoner requests and is denied permission to file an untimely (especially, a two-year-old) appeal with CORC due to an unpersuasive showing of 'mitigating circumstances.'").

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 89) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 82) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 63) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of Court shall enter Judgment for Defendants and close this action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Decision and Order would not be taken in good faith.

Dated: January 31, 2019
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge